STATE, JOSEPH L. NAAR ET AL., PROSECUTORS, v. INHAB-ITANTS OF THE CITY OF TRENTON.

An ordinance of the city of Trenton, which provides that orders for the payment of money, drawn upon the city treasurer by direction of the common council, shall, after presentation and non-payment thereof, bear interest at the rate of five per cent. per annum, is valid.

---

On *certiorari* to remove an ordinance of the common council of the city of Trenton.

Argued at June Term, 1880, before Justices DIXON, REED and PARKER.

For the prosecutors, *M. Beasley, Jr.*, and *G. D. W. Vroom*.

For the defendants, *W. L. Dayton*.

The opinion of the court was delivered by

DIXON, J. This *certiorari* is designed to test the validity of the following ordinance:

*The Inhabitants of the City of Trenton do ordain:*

1. That from and after the passage of this supplement, whenever any order or orders for the payment of money due or ordered to be paid by common council, from the city treasury, to the amount of ten dollars and upwards, drawn by the city clerk and president of council upon the city treasurer, shall have been presented to the city treasurer for payment, during office hours, and by him endorsed or stamped as hav-

ing been so presented, and payment deferred, said order or orders, excepting the fractional parts of a dollar thereof, shall bear interest at the rate of five per cent. per annum, payable when redeemed.

2. That all such orders shall be numbered consecutively, and the city treasurer, whenever he may deem it expedient, or whenever required to do so by common council, or the finance committee thereof, shall call in and redeem all orders between certain numbers, which numbers he shall specify; at twelve o'clock (noon) of the day upon which said orders are called for, interest thereon shall cease; due notice of said day of call shall be given, for at least five days preceding the date fixed upon, in one or more of the daily newspapers published in the city; and all orders hereafter issued shall be called for in the regular order of their numbers.

3. All orders shall be drawn in the name of the party to whom any bill, appropriation, or salary may be due, and unless ordered by the common council, or the finance committee thereof, no order shall be filled up for a less amount than that of the bill or monthly or quarterly appropriation or salary of the party in whose name it may be drawn.

Passed October 16th, 1879.

The form of the city order of the city of Trenton, referred to in said ordinance, is as follows:

No. ——. TRENTON, N. J., ——, 188–. $——.

Treasurer of the City of Trenton

Pay to the order of —— ——, $—— /100 dollars, amount of bill passed council —— ——, and charge to account of —— ——.

——— ———, *Clerk.*

——— ———, *President.*

It is claimed to be beyond the power of the corporation of the city of Trenton to issue the orders mentioned in this

by-law, and make them interest-bearing after demand and refusal of payment.

I can see no reason to doubt the authority of municipalities, generally, to make such provisions as are here enacted. Assuming that there is a legal debt, the right to issue an order for its payment necessarily follows, from the fact that one corporate agent directs, and another makes, payment. Then, this direction to pay is itself an admission of obligation, and so the order becomes an evidence of indebtedness. Whether it has functions beyond these, we are not now called upon to decide. Further, payment of the original debt being demanded and refused, interest would then begin to accrue thereon, under our law, at six per cent. per annum. The sole effect of this ordinance, in this direction, would be that, by acceptance of a warrant under it, the creditor would agree to receive, in full satisfaction, and the city treasurer would be authorized to pay, only five per cent., according to its terms. A contract of this nature seems unimpeachable.

Unless, therefore, there are found special reasons for stripping this municipality of these usual powers, this ordinance must be supported. Such reasons are suggested.

*First.* The ordinance is said to be in violation of the thirty-first section of the city charter, (*Pamph. L.* 1874, *p.* 331,) in that this section limits the amount of bonds or other instruments for *money borrowed*, which may be outstanding and unpaid at any one time, to $50,000, while the ordinance provides for orders unrestricted in amount.

The obvious answer to this is, that the ordinance has no reference to the borrowing of money. The orders are issued, not for the purpose of making loans, but as a means of paying pre-existing debts, and, of necessity, can be limited only by the outstanding and matured obligations contracted for any lawful purpose.

*Second.* The prosecutors assert that this by-law contravenes the criminal statute, (*Pamph. L.* 1876, *p.* 16,) which forbids boards of common councilmen to order the disbursement of

**NOVEMBER TERM, 1880.** 503

Naar v. City of Trenton.

public moneys, or to incur obligations, in excess of their appropriations.

As already stated, this ordinance does not authorize any increase of obligation, and hence cannot be within the range of the latter prohibition. The whole force of the objection lies in the fact that the ordinance orders the payment of interest in certain cases, without limit in amount, and this interest, with the principal of the indebtedness, may become larger than the appropriation.

Against this, the city counsel urges that, under the charter of Trenton, no appropriations are required to be made, so as to subject the municipal authorities to the effect of this law. But, without considering that, I think the objection unavailing, for the reason that this ordinance does not, of itself, sanction the payment of any money, but only furnishes a rule for fixing the amount that shall be paid upon orders thereafter issued. No crime, under the statute, could possibly be fastened upon the councilmen voting for this ordinance, for so doing. Their complete answer to such a charge would be that they had not ordered the disbursement of a penny. Whether anything should be directed to be expended, and how much, both of principal and of interest, would depend upon the future action of the city officials, in regard to the issue and redemption of these warrants. The crime, if any, would consist in voting for those orders, whose amounts, together with the amounts due upon their predecessors, should exceed the legal limit.

I find no legal reason for impeaching this ordinance. The defendant is entitled to costs.